# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JEROME COLLINS                                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO.: 2:07CV233-WAP-DAS

COAHOMA COUNTY JAIL, ET AL.                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was held in this case on August 21, 2008, to determine if there exists a justiciable basis for plaintiff's claims filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff is currently confined at the Coahoma County Jail. He alleges that he began requesting dental care on July 16, 2007, the day after he broke a tooth. Plaintiff claims he completed a sick call request to see a dentist the same day. After he completed another request on July 24th, he talked to Sergeant Leroy Austin, who told him the dentist was responsible for setting appointments. When he returned to Austin on August 17th, Austin told plaintiff that his sick call request had probably been lost and advised him to complete another one. Plaintiff claims that on August 30th, Officer Jones, who worked on the day shift, decided to stop giving him aspirin for pain because Jones was afraid plaintiff would become hooked on them. Plaintiff

also requested pain medicine from Officer Jackson, who worked on the night shift, and Jackson also refused. According to the complaint, plaintiff asked for medication and requested to see a dentist each day following this but was refused. On September 7th, plaintiff talked to Lieutenant Suggs, the jail administrator, and Suggs told him that transportation officers had been busy and couldn't get everyone to their appointments as scheduled and that he needed to complete another sick call request. According to plaintiff, Suggs also talked to Jones, and Jones gave plaintiff one aspirin. Plaintiff states he continued to fill out sick call requests through October 22nd, yet no action was taken. He talked to Austin again on October 29th, and Austin advised him to continue to complete sick call requests. Plaintiff filed the instant complaint against Coahoma County Jail, Sheriff Andrew Thompson, Suggs and Austin on December 18, 2007.

During the *Spears* hearing, plaintiff testified that he has been incarcerated at the Coahoma County Jail for approximately fourteen months. He said his teeth are extremely brittle, and he breaks a tooth almost every time he eats a meal. Plaintiff testified that since he has been incarcerated, he has visited a dentist, Dr. Long, three to four times. He said that during these visits, Dr. Long has prescribed antibiotics and pain relievers for "inflamed" teeth. Plaintiff said Dr. Long has set follow-up appointments to pull teeth but prison officials have failed to transport him back for these appointments. Plaintiff further testified that he usually "runs out" of his prescriptions within a week, but prison officials have provided him ibuprofen on occasion. Plaintiff said that each time he has asked about his return appointments, prison officials have told him that they are too busy and that no one is available to take him. When asked why he has sued the individual defendants, plaintiff testified that he has sued Sheriff Andrew Thompson, Lt.

2

Suggs and Sgt. Leroy Austin only because of their positions and responsibilities as they relate to the Coahoma County Jail.

As an initial matter, Coahoma County Jail is not a suable entity separate from Coahoma County. And, in a § 1983 action, a municipality cannot be held liable under a theory of *respondeat superior;* rather, liability must be based upon a municipality's official or unofficial policy, custom or procedure which causes a deprivation of plaintiff's constitutional rights. *Monell v. Department of Social Services,* 436 U.S. 658 (1978). Additionally, it is noted that liability can only be predicated on a policy established by an official whose acts or edicts may fairly be said to represent official policy of the municipality. *Bennett v. City of Slidell,* 728 F.2d 762 (5th Cir.1984), and on rehearing, 735 F.2d 861 (5th Cir.1984). Notwithstanding, plaintiff must identify a policy or custom that violated his constitutional rights in order to state a § 1983 claim for municipal liability against Coahoma County. *See Meadowbriar Home for Children, Inc. v. Gunn*, 81 F. 3d 521, 532 (5th Cir. 1996). In this case, plaintiff has not alleged that some policy or custom has violated his constitutional rights. Accordingly, his claims against the Coahoma County Jail and any claims against the County should be dismissed.

Next, as regards Sheriff Thompson, plaintiff's claims are without merit. In order to state a claim for monetary damages under § 1983, plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Because Plaintiff has failed to allege facts sufficient to show that Sheriff Thompson was personally involved in the alleged constitutional violation, his claims against this

3

defendant should be dismissed.

In order for Plaintiff to prevail on his Eighth Amendment claim for delay and denial of adequate medical care against the remaining defendants, he must allege facts which demonstrate "deliberate indifference to . . . [a] serious medical need[] . . . [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim."). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

In this case, plaintiff's own testimony that prison officials have transported him for dental treatment at least every four months belies any allegations of deliberate indifference. By his own testimony, plaintiff said that on some visits Dr. Long has been unable to pull problem teeth due to inflamation. Plaintiff also admitted that prison officials have given him all medications that

4

Dr. Long has prescribed and have given him ibuprofen on some occasions after his prescriptions ran out. Ultimately, plaintiff said he named the individual defendants only because of their titles. Based on this, it is my recommendation that the complaint be dismissed for failure to state a § 1983 claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 3rd day of September, 2008.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**